SPACE EXPLORATION TECHNOLOGIES CORPORATION, Plaintiff—Appellant,

v.

The BOEING COMPANY; Lockheed Martin Corporation, Defendants—Appellees.

No. 06–55907.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 4, 2008.

Filed June 9, 2008.

David Boies, Esq., Boies, Schiller & Flexner, Armonk, NY, Steven C. Holtzman, Esq., Boise, Schiller & Flexner LLP, Oakland, CA, for Plaintiff–Appellant.

Benjamin Sharp, Perkins Coie, Scott McCaleb, Wiley Rein & Fielding LLP, Raymond A. Jacobsen, Jr., Esq., McDermott Will & Emery, Washington, DC, Brad D. Brian, Esq., Daniel P. Collins, Esq., Fred A. Rowley, Jr., Esq., Munger Tolles & Olson, LLP, Robert P. Mallory, Esq., McDermott Will & Emery, Los Angeles, CA, Jerome C. Roth, Esq., Munger Tolles & Olson, LLP, San Francisco, CA, David Marx, Jr., Esq., McDermott Will & Emery LLP, Chicago, IL, for Defendants–Appellees.

Before: KOZINSKI, Chief Judge, O'SCANNLAIN and W. FLETCHER, Circuit Judges.

MEMORANDUM *

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Space Exploration Technologies Corp. (SpaceX) was not eligible to compete for the U.S. Air Force (USAF) Buy 3 launch contracts for fiscal year 2006. *See Space Exploration Techs. Corp. v. United States ("SpaceX"),* 68 Fed.Cl. 1, 4, 6–7 (2005). SpaceX's complaint does not allege that SpaceX was in fact improperly barred from competing for subsequent USAF contracts.

We affirm the district court's judgment that SpaceX lacks Article III standing to bring its claims. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 180–81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000); *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 563–64, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *Warth v. Seldin,* 422 U.S. 490, 504–05, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). The injury and causation as alleged in SpaceX's complaint are too speculative to establish standing. *See Lujan,* 504 U.S. at 564 & n. 2, 112 S.Ct. 2130.

We do not reach the issue of whether SpaceX would have Article III standing to bring a claim in the event that SpaceX was not "accorded every opportunity to compete for *future* contracts." *SpaceX,* 68 Fed.Cl. at 5 n. 5 (emphasis added). The issue of future launch contracts was not before the U.S. Court of Federal Claims and is not before us.

AFFIRMED.